IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Iver P. Cooper,<br>Suite 300<br>624 Ninth Street, NW<br>Washington, D.C. 20001-5303<br><br>     Plaintiff,<br><br>v.<br><br>U.S. Department of the Navy,<br>1000 Navy Pentagon<br>Washington, D.C. 20350-1000<br><br>     Defendant.<br><br>ALSO SERVE:<br>Kenneth L. Wainstein<br>U.S. Attorney for<br>the District of Columbia<br>U.S. Attorney's Office<br>555 4th Street, N.W.<br>Washington, D.C. 20530<br><br>Alberto Gonzales<br>Attorney General of the United States<br>U.S. Department of Justice<br>950 Pennsylvania Ave., N.W.<br>Washington, D.C. 20530-0001 | Civil Action No. |

COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT

Now Comes Iver P. Cooper ("Plaintiff") and makes the following complaint against the U.S. Department of the Navy ("Defendant"):

1. Plaintiff seeks an Order from this Court under 5 U.S.C. §552(a)(2)(B) to compel Defendant to release to it approximately 27 pages containing scientific information. Defendant docketed Plaintiff's administrative appeal as OGC-0044/2005 and denied that appeal in relevant part on August 5, 2005.

2. This Court has jurisdiction of this complaint pursuant to 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §1331.

3. Venue is proper in this Court under 5 U.S.C. §552(a)(4)(B).

4. Defendant is an "agency" and the 27 pages of scientific information are "agency records" within the meaning of 5 U.S.C. §552(f).

5. Plaintiff submitted a request under the Freedom of Information Act for release of the 27 pages at issue here, along with other records, to Defendant on May 25, 2004. Defendant denied Plaintiff's request in relevant part on February 1, 2005. Plaintiff filed an administrative appeal on April 1, 2005. Defendant denied that administrative appeal in large part on August 5, 2005. Plaintiff has exhausted his administrative remedy.

6. The 27 pages at issue in this case were displayed by a private researcher at a scientific conference in November 2000 that was attended by numerous private researchers. Because these pages were prepared using Microsoft PowerPoint or similar presentation software, they are referred to as "slides."

7. The slides are now in the possession of Defendant.

8. Defendant originally denied Plaintiff's request for the slides based solely on FOIA Exemption 4. In denying Plaintiff's administrative appeal, Defendant claimed for the first time that FOIA Exemption 3 also protected the slides from release. Defendant makes no claim that the slides contain any classified or national security information.

9. Neither FOIA Exemption 3 or 4 applies to the slides, and therefore Plaintiff is entitled to an Order directing Defendant to release the slides.

WHEREFORE, Plaintiff prays for an Order directing Defendant to release the slides; for an award of reasonable attorneys fees and litigation costs; and for such other and further relief as may be just.

Iver P. Cooper,
by his attorneys,

KING & SPALDING LLP

_____
James D. Miller
DC Bar No. 294371
1700 Pennsylvania Ave., NW
Washington, DC 20006
202-737-0500
jmiller@kslaw.com
FAX: 202-626-2902