UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Iver P. Cooper | ) |
|     Plaintiff | ) |
| | ) Civil Action No: 05-2252 (EGS) |
| v. | ) |
| | ) |
| U.S. Department of the Navy | ) |
| | ) |
|     Defendant | ) |

## DECLARATION OF STEPHEN J COYLE

I, Stephen J. Coyle, declare under penalty of perjury that the following information is true and correct to the best of my knowledge.

1. I hold the position of Assistant to the General Counsel (FOIA), Department of the Navy. In my position, I am the senior General Counsel attorney for FOIA matters. I manage all administrative FOIA appeals that are submitted to the General Counsel. In that role I receive appeals, gather information from the Initial Denial Authority (IDA), and perform a legal analysis of the application of any FOIA exemptions to the responsive

1

records subject to the appeal. I prepare the proposed Navy appeal determination, which is then either approved or amended by the Agency appeal authority. I have continuously performed these duties from January 2005 through the date of this declaration

2. I am familiar with the subject litigation and the FOIA request and appeal submitted by the plaintiff in this case. The statements in this declaration are based on my personal knowledge, my review of information available to me in my official capacity, and my conclusions.

3. The records that Mr. Cooper is requesting under the FOIA and which form the basis for this litigation are approximately 26 slides from a PowerPoint presentation made by David R. Liu, a professor at Harvard University who received a research grant from the Office of Naval Research in 2000. The slides describe some of Prof. Liu's research under the grant and were presented at a meeting held by the U.S. Navy's Office of Naval Research (ONR).

4. On May 25, 2004, ONR received from Mr. Iver P. Cooper a FOIA request for "a copy of the presentation by Dr. David Liu entitled 'Unnatural molecule evolution' presented at the Office of Naval Research Biomolecular Science workshop at Coolfont, Berkeley Springs, West Virginia, November 8-12, 2000." Mr. Cooper also asked for "(1) the list of participants, (2) the notice of the conference, and (3) the application form signed by the participants."

5. In searching for documents responsive to this request, ONR located a copy of the presentation and a list of participants. ONR did not find either a notice of the conference or an application form signed by the participants.

6. On October 5, 2004, ONR wrote to Prof. Liu, as submitter of the presentation, to afford him the opportunity under Executive Order 12600 to provide any legal objections to its release under FOIA.

7. On October 20, 2004, Prof. Liu, Harvard University, and his firm Ensemble Discovery Corporation provided to ONR, through counsel, a memorandum arguing that slides 2-30 of the presentation constituted confidential commercial information and asking that ONR withhold those slides under exemption 4 of the FOIA.

8. ONR agreed that slides 2-30 did contain confidential commercial information and should be withheld under exemption 4 of the FOIA.

9. Accordingly, on February 1, 2005, ONR released to Mr. Cooper the list of participants and slide 1 of Prof. Liu's presentation but denied slides 2-30 under exemption 4. ONR also informed Mr. Cooper of his right to appeal this determination to the General Counsel of the Navy.

10. On April 1, 2005, Mr. James D. Miller, as Mr. Cooper's representative, filed an appeal with the General Counsel of the Navy to the partial denial of Mr. Cooper's FOIA request.

11. Prof. Liu was again afforded the opportunity under Executive Order 12600 to provide any legal objections to release of the presentation upon appeal and responded through counsel on June 30, 2005. The response renewed Prof. Liu's objection to release of slides 2-30 under exemption 4 of the FOIA and also provided information that supported application of exemption 3 of the FOIA to some of the slides.

12. On August 5, 2005, the Deputy General Counsel for the Department of the Navy (the Agency appeal authority in this case) replied to Mr. Miller's appeal with a final

administrative adjudication. I prepared the final administrative adjudication. In the reply, it was concluded that slides 4-29 had been properly exempted from disclosure under exemptions 3 and 4 of the FOIA but that slides 2, 3, and 30 were not exempt and could be released.

13. The rationale behind the decision is laid out in the August 5, 2005 letter to Mr. Miller. The letter and a Vaughn index are attached as exhibits A and B.

14. On August 16, 2005, as specified in the administrative appeal adjudication, ONR released to Mr. Miller slides 2, 3, and 30 of Prof. Liu's presentation. The release of these three slides, together with the February 1, 2005 release of slide 1, have resulted in a total of 26 of the original 30 slides of Prof. Liu's presentation being withheld under the FOIA.

15. On November 18, 2005, Mr. Miller filed the subject litigation seeking an order under 5 U.S.C. §552(a)(2)(B) to compel the Department of the Navy to release to Mr. Miller "approximately 27 pages of scientific information." The Office of General Counsel of the Department of the Navy accepted service of the complaint on December 7, 2005.

20. I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated this ___11th___ day of May 2006, at Arlington, Virginia.

STEPHEN J COYLE
Assistant to the General Counsel (FOIA)

4