| Slide | Description | Exemption(s) | Justification |
|---|---|---|---|
| 4 | Overview | (b)(4) | **Exemption 4**: This exemption protects trade secrets and commercial or financial information obtained from a person that is privileged or confidential. 5 U.S.C. § 552(b)(4) (2000). This exemption is intended to protect both the interests of entities that submit proprietary information to the government and the interests of the government in receiving continued access to such data.<br><br>A two-part test for determining whether commercial or financial information is confidential has been set out in *National Parks & Conservations Association v. Morton* 498 F2d 765, 770 (D.C. Cir. 1974):<br><br>"commercial or financial matter is 'confidential' for purposes of the exemption if disclosure of the information is likely to have either of the following effects: (1) to impair the Government's ability to obtain necessary information in the future, or (2) to cause substantial harm to the competitive position of the person from whom the information was obtained." *Id.*<br><br>In *Critical Mass Energy Project v. NRC*, 975 F.2d 871 (D.C. Cir. 1992), cert. denied, 113 S.Ct 1579 (1993), the District of Columbia Court of Appeals reaffirmed the *National Parks* test for confidentiality but confined it to cases involving information that persons were required to provide to the government. In addition, the Court announced a new test for the protection of information "voluntarily" submitted. Such information is now categorically protected provided it is not "customarily" disclosed to the public by the submitter. |

|  |  |  | This slide is exempt from disclosure under either the competitive harm test of *National Parks* or the voluntarily submitted test of *Critical Mass*. The following analysis, however, is limited to the voluntarily submitted test of *Critical Mass* as the content of this slide was voluntarily submitted to the Federal government by the submitter during a confidential, closed door, by-invitation-only meeting (known as Coolfont IV) organized by the Office of Naval Research (ONR) for ONR grant recipients.<br><br>More specifically, the information included on this slide is exempt from disclosure under Exemption 4 because (1) it contains trade secret and commercial information, (2) it was voluntarily submitted to the ONR, and (3) it is not customarily disclosed to the public. *Critical Mass Energy Project v. NRC*, 975 F.2d 871 (D.C. Cir. 1992), cert. denied, 113 S.Ct 1579 (1993).<br><br>Under the first prong of the test, the slide contains valuable trade secret and commercial information. Under a mosaic theory of trade secret protection, the trade secret includes a combination of the subject matter contained in each slide and the date the slide was presented during the Coolfont IV meeting. In other words, this slide, either alone or in combination with the other slides of the submitter's presentation, shows what the submitter had invented (conceived and/or reduced to practice) as of the time of the Coolfont IV meeting. This information was and still is proprietary trade secret information of the submitter. Third parties, even today, do not know what the submitter had invented as of the time of the Coolfont IV meeting.<br><br>The submitter has filed more than one patent application directed to |

the subject matter contained in his slide presentation. This information, if released, would be particularly useful to third parties that have filed competing patent applications that are pending in the U.S. In the U.S., a patent is awarded to the party who was the first to make an invention - not the party who was the first to file a patent application. The U.S. Patent Office determines who was the first party to make a patentable invention during a patent interference proceeding and then awards the patent to the party who prevails in the interference. Having advance notice of what a party conceived and/or reduced to practice before a patent application is filed provides an unfair advantage to the other party in a patent interference.

Under the second prong, the submitter submitted his information voluntarily as he was under no obligation to submit and/or present any of his data as a grant recipient under ONR grant number N000014-00-1-0596. The slide presentation was not a reporting requirement under the submitter's funding agreement with the ONR.

Under the third prong, the submitter does not customarily release this type of information to the public; to do so could potentially disclose what the submitter had conceived and/or reduced to practice at a given point in time. Even before presenting his slides, the submitter sought and received assurances form the meeting coordinator that Coolfont IV was a confidential meeting. The submitter also marked his presentation as confidential.

The submitter, in addition to being a professor of chemistry at Harvard University, has founded a company based on technology contained in his slide presentation. To disclose this information would put him and his company at a competitive disadvantage

|   |   |   |   |   |
|---|---|---|---|---|
|   |   |   |   | relative to other competitors in the field. At least one such competitor exists, and that competitor is trying to obtain the trade secret information contained within the slides. Furthermore, in addition to the effect that an adverse decision could have on the submitter's U.S. patent rights, a finding that the Coolfont IV meeting was not a confidential meeting could also jeopardize the submitter's foreign patent rights.<br><br>In summary, because the submitter voluntarily provided his valuable trade secret and commercial information to the Federal government and did not and does not customarily release it to the public, the information is categorically protected from disclosure.<br><br>Releasing this information would cause substantial harm to the competitive position of the submitter and his company as it would give an opposing party in a patent interference proceeding premature insights into what the submitter had conceived and/or reduced to practice as of the time of the Coolfont IV meeting. Furthermore, releasing this information would chill the free exchange of ideas during subsequent Coolfont meetings, thus impairing the Federal government's ability to obtain necessary information in the future. In fact, ONR has already felt some chilling effects from the FOIA request and the subsequent events leading up to the present litigation.<br><br>None of the material on this slide is segregable. |
| 5 | Evolutionary Mechanisms | (b)(4) | Same as for slide # 4 |
| 6 | Templated Synthesis of Unnatural Molecules | (b)(4) | Same as for slide # 4 |

| 7 | General Schemes for Templated Synthesis | (b)(4) | Same as for slide # 4 |
|---|---|---|---|
| 8 | Small Molecule Synthesis | (b)(4) | Same as for slide # 4 |
| 9 | Considerations for Templated Synthesis | (b)(4) | Same as for slide # 4 |
| 10 | Demonstration of Templated Synthesis | (b)(4) | Same as for slide # 4 |
| 11 | Demonstration of Templated Synthesis | (b)(4) | Same as for slide # 4 |
| 12 | Demonstration of Templated Synthesis | (b)(4) | Same as for slide # 4 |
| 13 | Demonstration of Templated Synthesis | (b)(4) | Same as for slide # 4 |
| 14 | Demonstration of Templated Synthesis | (b)(4) | Same as for slide # 4 |
| 15 | Reactions Available During Templated Synthesis in Aqueous Solvents | (b)(4) | Same as for slide # 4 |
| 16 | Demonstration of Templated Synthesis | (b)(4) | Same as for slide # 4 |
| 17 | Generality of Templated Synthesis | (b)(4) | Same as for slide # 4 |
| 18 | Demonstration of Templated Synthesis | (b)(4) | Same as for slide # 4 |
| 19 | Linkers in Templated Synthesis | (b)(4) | Same as for slide # 4 |
| 20 | Templated Synthesis of Small Molecules | (b)(4) | Same as for slide # 4 |
| 21 | Scheme for Antibiotic Synthesis | (b)(4) (b)(3) | **Exemption 4**: This slide includes trade secrets and confidential commercial information. This information is protected under exemption 4 for the same reasons laid out for slide # 4. |

| | | | |
|---|---|---|---|
| | | | **Exemption 3**: This exemption protects information that is specifically exempted from disclosure by statute, if the statute leaves no discretion on the issue of disclosure, establishes particular criteria for withholding or refers to particular types of matters to be withheld.  The basis for withholding the information on this slide under exemption 3 is 35 U.S.C. § 205.  That statute provides that Federal agencies may withhold from public disclosure information that discloses an invention in which the Federal government owns or may own a right, title or interest (including a nonexclusive license) for a reasonable time in order for a patent application to be filed.  The statute also provides that Federal agencies shall not be required to release any document that is part of a patent application.<br><br>These provisions are implemented by 37 C.F.R. § 401.13(c)(1) and (2).  This section provides that Federal agencies shall not disclose under a FOIA request any information disclosing an invention for a reasonable time in order for a patent application to be filed.  It also provides that in accordance with 35 U.S.C. § 205, Federal agencies, in response to a request under the FOIA or otherwise, shall not disclose for 18 months after the filing date of a patent application any document that is part of said patent application.  Normally, patent applications are not published (i.e., do not become public knowledge) until at least 18 months after being filed.<br><br>The information described in this slide discloses an invention.  This invention was developed through research funded by ONR grant N000014-00-1-0596.  Therefore the Federal government does own or may own a right, title or interest in that invention.  Furthermore, the information described in this slide has not been contained within |

|    |                                                              |            |                                                                                                                                                                                                                                                                                                                                                                                 |
|----|--------------------------------------------------------------|------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|    |                                                              |            | a patent application filed to date, though it may in the near future become the subject of one or more patent applications.  Accordingly, the Federal government should not be required to disclose this slide                                                                                                                                                                  |
| 22 | Scheme for Antibiotic Synthesis                              | (b)(4)     | Same as for slide # 4                                                                                                                                                                                                                                                                                                                                                           |
| 23 | Advantages of Templated Synthesis for Small Molecule Libraries | (b)(4)     | Same as for slide # 4                                                                                                                                                                                                                                                                                                                                                           |
| 24 | Templated Synthesis of Polymers                              | (b)(4)     | Same as for slide # 4                                                                                                                                                                                                                                                                                                                                                           |
| 25 | Templated Synthesis of PNAs                                  | (b)(4)     | Same as for slide # 4                                                                                                                                                                                                                                                                                                                                                           |
| 26 | Templated Synthesis of PNAs                                  | (b)(4)(b3) | **Exemption 4**: This slide includes trade secrets and confidential commercial information. This information is protected under exemption 4 for the same reasons laid out for slide # 4.  **Exemption 3**: This information has not been included in a patent application filed to date, though it may in the near future become the subject of one or more patent applications. The information is protected under exemption 3 for the same reasons laid out for slide # 21. |
| 27 | Examples of Templated Synthesis                              | (b)(4)     | Same as for slide # 4                                                                                                                                                                                                                                                                                                                                                           |
| 28 | Templated Synthesis of a Plastic                             | (b)(4)     | Same as for slide # 4                                                                                                                                                                                                                                                                                                                                                           |
| 29 | Templated Synthesis of a Plastic                             | (b)(4)     | Same as for slide # 4                                                                                                                                                                                                                                                                                                                                                           |