IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Iver P. Cooper,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>U.S. Department of the Navy,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　Civ. No. 05-2252 (EGS) |

MOTION OF PLAINTIFF IVER COOPER
FOR SUMMARY JUDGEMENT

NOW COMES Plaintiff Iver Cooper and, pursuant to Fed. R. Civ. P. 56, moves for summary judgment.

As grounds for this motion, Plaintiff states that there is no genuine issue as to any material fact, and that judgment should be entered in his favor.

In support of this motion, Plaintiff relies on the Memorandum of Points & Authorities, and the Statement of Undisputed Facts, that are filed with this motion, along with the administrative record in this case.

-- 1 --

WHEREFORE, Plaintiff requests the Court to grant this motion and enter judgment in his favor.

May 15, 2006                    Respectfully submitted,

                                Iver P. Cooper,
                                by his attorneys,

                                KING & SPALDING LLP


                                _____/s/_____
                                James D. Miller
                                DC Bar No. 294371
                                1700 Pennsylvania Ave., NW
                                Washington, DC  20006
                                202-737-0500
                                jmiller@kslaw.com
                                FAX:  202-626-3737

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Iver P. Cooper,                          )
                                         )
                Plaintiff,               )
                                         )
v.                                       )        Civ. No. 05-2252 (EGS)
                                         )
U.S. Department of the Navy,             )
                                         )
                Defendant.               )
                                         )

MEMORANDUM OF POINTS & AUTHORITIES
OF PLAINTIFF IVER COOPER
IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

I.    *Introduction*

This is a Freedom of Information Act ("FOIA") case.

Defendant Department of the Navy (the "Navy") is withholding 27

pages of a scientific presentation by a private scientist at a conference

in November 2000, longer than five years ago.  The Navy admits that

these 27 pages are in its possession and are "agency records" for

purposes of FOIA.  In this Memorandum, plaintiff will refer to the 27

pages the Navy has withheld as the "Scientific Presentation."

The Navy has released what appears to be the cover sheet of the Scientific Presentation, which is not marked as confidential. *See* Plaintiff's Statement of Undisputed Facts ("State. Facts") ¶ 6. The Navy could not produce any confidentiality agreement regarding the Scientific Presentation. State. Facts 5.

Congress has explicitly placed the burden on the Navy to justify withholding the Scientific Presentation. 5 U.S.C. § 552(a)(4)(B) ("[T]he burden [in a FOIA case] is on the agency to sustain its action."); *Center for Auto Safety v. Nat'l Hwy. Traffic Safety Adm.*, 244 F. 3d 144, 148 (D.C. Cir. 2001) ("[T]he party opposing disclosure [under Exemption 4] bears the burden of proving that the information is confidential.").

The Navy claims that the Scientific Presentation is exempt from disclosure under Exemption 3, 5 U.S.C. § 552(b)(3) (records exempted from disclosure by statute), and under Exemption 4, *id.* at (b)(4) (trade secrets, commercial or financial information). No other FOIA exemptions are involved in this case, and the Navy makes no claim that the Scientific Presentation is classified or has any connection to the national security.

As a threshold matter, the Navy originally denied plaintiff's FOIA request for the Scientific Presentation based solely on Exemption 4. The Navy's denial was based on the "detailed justification" given to the Navy by counsel for Harvard University for withholding these pages. State. Facts ¶ 7. (The scientist who made the presentation is a professor at Harvard.) Plaintiff filed an administrative appeal, in which he showed that Exemption 4 could not apply to the Scientific Presentation. The Navy then changed course and denied the appeal based first on Exemption 3, with Exemption 4 merely as a 'fall-back.' State. Facts ¶ 10. Plaintiff submits it is inequitable for the Navy to be permitted to rely on a new-found theory of Exemption 3, and that it should be confined to the Exemption 4 theory it originally devised with the help of Harvard's counsel.

As shown below, there is no basis for withholding this scientific presentation under either Exemption 3 or Exemption 4. Plaintiff submits that the Court should grant summary judgment in his favor and direct the Navy to release the scientific presentation in its entirety.

II.    *Exemption 4 Does Not Apply To The Scientific Presentation*

It is undisputed that the Scientific Presentation was made to a conference of scientists at the Coolfont resort in West Virginia in November 2000, longer than five years ago. State. Facts ¶ 1. More than 50 private scientists attended the conference. State. Facts Exhibit "A" (includes list of Coolfont attendees). The cover sheet of the Scientific Presentation, which the Navy has released, is not marked confidential. In denying in part plaintiff's FOIA request, the Navy admitted that it did not have a notice for the conference or any application forms for the attendees. *Id.* The Navy has not released any confidentiality agreement relating to the Scientific Presentation. *Id.* at ¶ 5.

Exemption 4 covers "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). This section could not apply to the Scientific Presentation for at least four separate reasons:

- The Scientific Presentation could not be a 'trade secret' given that it was made to an audience of more than 50 scientists without any confidentiality agreement.

-- 4 --

- The Scientific Presentation was neither "commercial" nor "financial." The title of the presentation, as given on the cover page, is "Unnatural Molecule Evolution." It is a science presentation about molecules. On its face, the Scientific Presentation has nothing to do with commerce or finance.

- The Scientific Presentation is certainly not "privileged."

- Finally, the Scientific Presentation is not even marked as "confidential," at least not on the cover page that the Navy has released. The Navy has no confidentiality agreement relating to the Scientific Presentation. How could it possibly be considered "confidential"?

The burden, by statute, is on the Navy to prove that the Scientific Presentation is within the scope of Exemption 4. 5 U.S.C. § 552(a)(4)(B) ("[T]he burden [in a FOIA case] is on the agency to sustain its action."); *Center for Auto Safety v. Nat'l Hwy. Traffic Safety Adm.*, 244 F. 3d 144, 148 (D.C. Cir. 2001) ("[T]he party opposing disclosure [under Exemption 4] bears the burden of proving that the information is confidential.").

The Navy cannot carry its burden here of proving that the Scientific Presentation is within the scope of Exemption 4.

-- 5 --

III.    *Exemption 3 Does Not Apply To The Scientific Presentation*

In denying in large part plaintiff's administrative FOIA appeal, the Navy for the first time relied on Exemption 3 as well as Exemption 4 as a basis for withholding the Scientific Presentation. Exemption 3 covers agency records that are:

> specifically exempted from disclosure by statute . . . provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

5 U.S.C. § 552(b)(3).

At the administrative appeal stage, the Navy took the position that 35 U.S.C. § 205 exempted the Scientific Presentation from disclosure under Exemption 3. Section 205, which was enacted in 1980 as part of the Bayh-Dole Technology Transfer Act, has never been cited by any federal court for anything, much less that it is a 'withholding statute' under Exemption 3. Indeed, the Justice Department's FOIA Guide to Exemption 3 does not even cite § 205. *See* http://www.usdoj.gov/oip/exemption3.htm.

Section 205 provides as follows:

-- 6 --

> Federal agencies are authorized to withhold from
> disclosure to the public information *disclosing any
> invention* in which the Federal Government owns or may
> own a right, title or interest (including a non-exclusive
> license) *for a reasonable time in order for a patent
> application to be filed.* Furthermore, Federal agencies
> shall not be required to release copies of any document
> which is part of an application for [a] patent filed with
> the United States Patent & Trademark Office or with any
> foreign patent office.

35 U.S.C § 205 (emphasis added).

The Scientific Presentation was given in November 2000,
longer than five years ago.  Surely five years is a sufficiently
"reasonable time for a patent application to be filed"?  Thus, § 205
cannot bar the release of the Scientific Presentation.

Even if § 205 could apply here, the burden would be on the
Navy to prove at least three separate facts:

- The Navy would have to prove that the Scientific Presentation
  disclosed "an invention."

- The Navy would have to prove that the Federal Government
  may own a "right, title, or interest" in that invention.

- The Navy would have to prove that the Scientific Presentation
  is "part of an application for [a] patent."

-- 7 --

Thus, there is no factual basis for the Navy's claim that § 205 could warrant the withholding of the Scientific Presentation under Exemption 3.

IV.   *Conclusion*

Plaintiff's motion for summary judgment should be granted, and the Navy should be directed to release the Scientific Presentation in its entirety.

May 15, 2006                    Respectfully submitted,

                               Iver P. Cooper,
                               by his attorneys,

                               KING & SPALDING LLP


                               _____/s/_____
                               James D. Miller
                               DC Bar No. 294371
                               1700 Pennsylvania Ave., NW
                               Washington, DC  20006
                               202-737-0500
                               jmiller@kslaw.com
                               FAX:  202-626-3737

-- 8 --

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Iver P. Cooper,                              )
                                             )
                Plaintiff,                   )
                                             )
        v.                                   )        Civ. No. 05-2252 (EGS)
                                             )
U.S. Department of the Navy,                 )
                                             )
                Defendant.                   )
                                             )

STATEMENT OF PLAINTIFF IVER COOPER
OF MATERIAL FACTS NOT IN DISPUTE

NOW COMES Plaintiff Iver Cooper and states the
following material facts that are not in dispute:

1.  This is a Freedom of Information Act ("FOIA") case.
    The only agency records at issue are approximately 27
    pages of a scientific presentation made by David Liu, a
    professor at Harvard University, at a scientific
    conference at the Coolfont resort in West Virginia in
    November 2000, longer than five years ago.  *See*
    Plaintiff's Complaint ¶ 4, defendant's answer ¶ 4.

-- 1 --

2. The approximately 27 pages of the presentation that are
at issue here are in the possession of the defendant, which
admits that these pages are "agency records" for purposes
of FOIA. *Id.*

3. Plaintiff submitted a FOIA request for the 27 pages at
issue, along with other records, on May 25, 2004. *See*
Plaintiff's Complaint ¶ 5; defendant's answer ¶ 5.

4. Seven months later, defendant agency denied Plaintiff's
FOIA request in relevant part. *Id.* A true and correct
copy of defendant's response and denial of the FOIA
request is attached as Exhibit "A."

5. In denying Plaintiff's FOIA request, defendant admitted
that it had neither any written notice of the scientific
conference at Coolfont in November 2000, nor any
application form from any of the participants. *See*
Exhibit "A." Defendant did not release any
confidentiality agreement relating to the Coolfont
conference.

6. In response to Plaintiff's FOIA request, defendant did
produce what appears to be the cover page of the

presentation.  *See* Exhibit "A."  Nothing on this cover
page states that the presentation is confidential.

7.  Harvard University, Professor Liu, and Ensemble
Discovery Corporation, a company founded by Professor
Liu, acting "by and through counsel," gave defendant a
"detailed justification" for denying Plaintiff's FOIA
request under Exemption 4.  *See* Exhibit "A."

8.  In denying Plaintiff's FOIA request in substantial part,
defendant, with the assistance of counsel for Harvard,
Professor Liu, and his company, relied only on
Exemption 4.  *See* Exhibit "A.

9.  Plaintiff filed an administrative appeal of the partial
denial of his FOIA request on April 1, 2005.  A true and
correct copy of Plaintiff's administrative appeal, which is
part of the administrative record in this case, is attached
to this Statement as Exhibit B."  (Because the exhibits to
Plaintiff's administrative appeal were voluminous,
Plaintiff has attached only excerpts from those exhibits.
If the Court so requests, Plaintiff will lodge with the

Clerk and serve on defendant the complete exhibits to the
administrative appeal.)

10.  Defendant denied Plaintiff's administrative appeal in
substantial part on August 5, 2005.  A true and correct
copy of defendant's denial of the administrative appeal is
attached as Exhibit "C."  In denying Plaintiff's
administrative appeal, defendant for the first time relied
on FOIA Exemption 3.  *See* Plaintiff's complaint ¶ 8;
defendant's answer ¶ 8.

11.  David Liu filed U.S. Patent Application No. 60/277,094
with the U.S. Patent & Trademark Office on March 19,
2001.  *See* Exhibit B, at pages 6 – 7.  This patent
application has been public since September 26, 2002.
*Id.* at page 8.

12.  Gordon Research Conferences are scientific conferences
that are conducted under recognized rules and procedures
that prohibit publication of the proceedings.  *See* Exhibit
"B" at pages 11-12.

13.    Defendant concedes that the Coolfont conference
was not held under the auspices of the Gordon Research

Conferences and that the procedures for Gordon

Research Conferences "may not have been strictly

followed at Coolfont." *See* Exhibit "C" at page 7.


May 15, 2006                    Respectfully submitted,

                                Iver P. Cooper,
                                by his attorneys,

                                KING & SPALDING LLP


                                _____/s/_____
                                James D. Miller
                                DC Bar No. 294371
                                1700 Pennsylvania Ave., NW
                                Washington, DC  20006
                                202-737-0500
                                jmiller@kslaw.com
                                FAX:  202-626-3737