IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Iver Cooper,
    Plaintiff,

v.                                 Civ. No. 05-2252 (EGS)

U.S. Department of the Navy,
    Defendant.

PLAINTIFF IVER COOPER'S RESPONSE TO
DEFENDANT'S STATEMENT OF MATERIAL FACTS
THAT ARE NOT IN GENUINE DISPUTE

Plaintiff Iver Cooper, pursuant to Local Rule 56.1, submits this response to the Statement of Material Facts That Are Not In Genuine Dispute of Defendant U.S. Department of the Navy (the "Navy"):

1. Plaintiff admits this paragraph.

2. Plaintiff admits this paragraph.

3. Plaintiff disputes the Navy's claim that: "The Coolfont IV conference was a by invitation-only, closed door, confidential presentation of Naval grant recipients." The Navy admits that it has nothing in writing contemporaneous with the Coolfont conference that supports in anyway its claim that the Coolfont conference was confidential or in anyway private. Decl. of Stephen J. Coyle (May 11, 2006), at ¶ 5 ("ONR did not find either a notice of the conference or an application form signed by the participants"). The attendance list that the Navy did find (included in Exhibit A to Plaintiff's Statement of Material Facts Not in Dispute) lists

more than 50 independent scientists, and several of their spouses, who attended this conference. Nothing on the title page of the presentation by Dr. Liu (also included in Exhibit A) suggests it was confidential. The Navy's claim that Dr. Liu's presentation was confidential is based on self-serving, unsupported statements made years after the fact, after Plaintff requested a copy of the presentation from the Navy.

4. Plaintiff admits this paragraph.

5. Plaintiff admits this paragraph.

6. Plaintiff admits this paragraph, except that Plaintiff notes that the corporation now known as "Ensemble Discovery Corporation" was not organized until January 2002 - longer than two years after the Coolfont conference. See attached Delaware corporate certificate.

7. In this paragraph, the Navy relies on Dr. Liu's grant agreement with the Navy to support the proposition that the Coolfont presentation was not required by the grant agreement. The Navy, however, has not produced the grant agreement itself. Plaintiff submits that, absent the grant agreement, the Court should not credit the unsupported assertion about its terms.

8. Plaintiff makes the same response as to ¶ 7 above.

9. In this paragraph, the Navy relies on Dr. Liu's unsupported statement in his affidavit dated October 20, 2004 that he was assured orally, not in writing, by Harold Bright of the Navy that the Coolfont conference "was a confidential meeting." Liu Affidavit ¶ 5. Dr. Liu states that this oral

exchange took place "[d]uring the meeting and before my [i.e., Dr. Liu's] presentation." Dr. Liu's affidavit was executed on October 20, 2004, almost four years after this oral exchange. Dr. Liu makes no reference to any writing or notes to support his recollection of this oral exchange from almost four years earlier. Moreover, Harold Bright, in his declaration, makes no mention of the oral exchange as recalled by Dr. Liu. Decl. of Harold Bright (May 11, 2006). Under these circumstances, Dr. Liu's unsupported and self-serving recollection of an oral exchange from almost four years earlier should not be credited as supporting a finding that he was given assurances of confidentiality by the Navy.

10. Plaintiff denies that Dr. Liu marked his presentation as confidential. The first slide of the presentation, which the Navy released to Plaintiff in February 2005, is included in Ex. A to Plaintiff's Statement of Material Facts Not In Dispute, and it does not have any reference whatsoever to confidentiality. The Navy relies on a "screen shot" of Dr. Liu's presentation, which was referred to in ¶ 7 of Dr. Liu's October 20, 2004, affidavit. (A "screen shot" is a digital picture of the text and graphics that appear on the computer monitor. The Court may make a 'screen shot' for itself by hitting the "PrtScr" key and then pasting the result into an open document in word processing program such as WordPerfect or Word.) Dr. Liu's "screen shot," however, is not what would have appeared to the participants at the Coolfont conference. Instead, the participants would

have seen the slide exactly as the Navy later released it to Plaintiff - without any reference to confidentiality.

11. Plaintiff admits this paragraph but notes that this information is plainly scientific in nature, not commercial.

12. Plaintiff denies that the slides contain any trade secrets. The Navy relied for this statement on ¶ 13 of Dr. Liu's October 20, 2004, affidavit, but that paragraph does not support the claim that the slide presentation disclosed trade secrets. The Navy also relies on ¶ 5 of Dr. Liu's second affidavit, dated June 29, 2005, but that paragraph states only that the slide presentation contained "commercial information." (Plaintiff also denies that the information is commercial, since it is plainly and exclusively scientific.)

13. Plaintiff admits this paragraph.

14. Plaintiff denies this paragraph. The Navy bases its claim that disclosing Dr. Liu's presentation, longer than six years after it was given at Coolfont, could cause researchers to not attend future conferences. The only support for this claim is ¶ 15 of the declaration of Harold Bright of the Navy. That paragraph is pure hearsay since Dr. Bright is relaying supposed statements by "several" researchers - none of whom he identifies. Also, Dr. Bright does not say that any researcher has declined to attend any conference because of the potential release of a six-year old presentation that is not even marked as confidential.

June 21, 2006                             Respecfully submitted,


                                          Iver P. Cooper,

                                          by his attorneys,

                                          KING & SPALDING LLP

                                                     /s/
                                          _____

                                          James D. Miller
                                          D.C. Bar No. 294371
                                          1700 Pennsylvania Ave. NW
                                          Washington, D.C. 20006
                                          202-737-0500
                                          jmiller@kslaw.com
                                          FAX: 202-626-3737

5