IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Iver Cooper,
    Plaintiff,

v.     Civ. No. 05-2252 (EGS)

U.S. Department of the Navy,
    Defendant.

MEMORANDUM OF POINTS & AUTHORITIES
OF PLAINTIFF IVER COOPER
IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

---

Plaintiff Iver Cooper submits this Memorandum of Points & Authorities in Opposition to the Motion for Summary Judgment of Defendant U.S. Department of the Navy (the "Navy"). In addition, Plaintiff has submitted a Response to Defendant's Statement of Material Facts That Are Not In Genuine Dispute, in which Plaintiff controverts the key factual claims made by the Navy in this FOIA case.

I.     The Scientific Presentation At Issue Is Neither "Confidential" Nor "Commercial" Within The Meaning Of Exemption 4

The primary legal question here is whether a scientific presentation that is not even marked as 'confidential' but that is presented to a scientific conference of more than 50 independent scientists, none of whom signed any confidentiality agreement, can constitute confidential commercial information within the meaning of Exemption 4.

The answer to this question can only be 'No,' and therefore the scientific presentation contained in the PowerPoint slides at issue should be released under the Freedom of Information Act.

Defendant has the burden of showing that the scientific presentation is within the scope of Exemption 4. 5 U.S.C. § 552(a)(4)(B) ("[T]he burden [in a FOIA case] is on the agency to sustain its action.").

A key factual issue is whether the scientific presentation was marked as confidential. See Plaintiff's Response to Defendant's Statement of Material Facts That Are Not In Dispute ¶ 10.[1] The cover slide of the scientific presentation, as released to Plaintiff, is not marked in anyway as confidential. (The cover slide, as released to Plaintiff, is included in Exhibit A to Plaintiff's Statement of Material Facts Not In Dispute.) Apparently Dr. Liu gave a copy of the scientific presentation to Dr. Harold Bright of the Navy, see Decl. of Harold Bright ¶ 12, which is how the presentation came to be an agency record subject to FOIA.

The Navy continues to repeat that the scientific presentation was, in fact, marked as confidential. The sole basis for this claim is a "screen shot" that was attached to one of Dr. Liu's affidavits. See Dr. Liu affidavit (October 20, 2004), at ¶ 7. A "screen shot," however, is not what the participants at the conference saw, and it is not what Dr. Liu gave Dr. Bright of the Navy. A screen shot is a digital picture of the text and graphics that appear at a given time on a computer monitor.

---

[1] The Navy has not submitted any response to Plaintiff's Statement of Material Facts Not In Dispute.

The Court itself may make a screen shot by hitting the 'PrtScr' key, which puts the image on the monitor onto the clipboard. The image then may be printed by pasting it from the clipboard into a blank document in a word processing program, such as WordPerfect or Word. This, presumably, is how Dr. Liu created the screen shot that is attached to his October 20, 2004, affidavit. In his affidavit, however, he does not state when he printed this screen shot or whether the PowerPoint file had remained unchanged from the date it was presented at the conference. (The time -- 11:18 am -- is shown on the screen shot but not the date.)

The fact that the file name on Dr. Liu's undated screen shot says "Liu - confidential' does not mean that the scientific presentation, as given by Dr. Liu at the conference, stated that it was confidential. The best record is the cover slide of the presentation as released by the Navy, which does not state that the presentation is confidential. The Navy has the burden on this issue.

The Navy is asking this Court to conclude that a scientific presentation, given to an audience of more than 50 unrelated, independent scientists, which is not even marked 'confidential', is nonetheless exempt under Exemption 4. Here, the scientists in the audience were not bound by any confidentiality agreement. Needless to say, the Navy cites no authority for the idea that this presentation could be confidential within the meaning of Exemption 4. Plaintiff submits that this Court should hold that the presentation was not confidential and therefore should be released.

Even if the scientific presentation were 'confidential,' it plainly is not 'commercial.' Dr. Liu describes the contents of the presentation in his October 20, 2004, affidavit at ¶ 8. According to him, the presentation concerns, "chemical reagents" and "mediated organic synthesis," as well as other purely scientific matters. Nothing in Dr. Liu's own description of the contents of the presentation concerns business, or trade, or making chemicals on a commercial basis, and nothing in his description shows that there is any commercial interest in this scientific information. The Navy contends that Dr. Liu was the 'scientific founder' of a company that plans to commercialize his work, but that company was not formed until two years after the Coolfont conference. *See* Plaintiff's Response to Defendant's Statement of Material Facts That Are Not In Dispute, at ¶ 6.

The leading case on the meaning of 'commercial' in the context of Exemption 4 is *Public Citizen Health Research Group v. FDA*, 704 F. 2d 1280, 1290 (D.C.Cir. 1983). That case involved information submitted to the Government by manufacturers of intraocular lenses that would be implanted in the eyes of cataract patients. The information included studies of the manufacturers' prior experience with these lenses and summaries of adverse reactions to the lenses. *Id.* at 1283. Judge Edwards, writing for the Court, found that the manufacturers had a commercial interest in this information because "documentation of the health and safety experience of their products will be instrumental in gaining marketing approval for their products." *Id.* at 1290.

Nothing like this has been shown by the Navy with respect to the scientific presentation. Nothing in the description of the presentation from Dr. Liu suggests it was commercial in nature, and it was presented to an audience of scientists, not businesspeople. If the scientific presentation is "commercial" in nature, then the term "commercial" as relating to business or trade has essentially lost all meaning. Because the Navy carries the burden here, Plaintiff submits the Court should find that the presentation is not commercial within the meaning of Exemption 4.

II.     The Scientific Presentation May Have Been Disclosed In A Public Patent Application, And This Court Should Consider In Camera Review

The scientific presentation cannot be confidential if it has, in substantial part, been disclosed in a public patent application. Thus, it is highly significant that there are striking and obvious parallels between the scientific presentation as described in the Navy's Vaughn Index on the one hand, and the copies of slides contained in publicly-available U.S. patent application 60/277,094, which was filed on behalf of Dr. Liu on March 19, 2001 - about four months after the Coolfont conference. The relevant excerpts of this patent application are included in Exhibit B to Plaintiff's Statement of Material Facts [Document #12, filed 05/15/06, pages 19 to 75]. The Navy's Vaughn Index is Exhibit B to the declaration of Stephen Coyle (May 11, 2006).

In particular, it appears that there is a close similarity between the PowerPoint slides described on the Vaughn Index starting with slide #6 and running through slide #29 (which is the final slide in the Vaughn Index), and the

corresponding slides in the patent application beginning with the slide on page 46 of Document #12 and running through the slide on page 74. Some of the obvious similarities are as follows:

- Slides 10 to 14 on the Vaughn Index are "Demonstrations" of synthesis, while the same number of slides on pages 51 to 55 of Document #12 show demonstrations of synthesis.

- Slides 15 and 16 on the Vaughn Index are on the subject of synthesis in aqueous solvents and a demonstration. This matches the two slides at pages 57 and 58 of Document # 12.

- Slide 6 on the Vaughn Index and the slide on page 46 of Document #12 both refer to "unnatural molecules."

- Slide 8 on the Vaughn Index and the slide on page 49 of Document #12 both show a reference to "small molecule."

- Slide 19 on the Vaughn Index and the slide on page 66 of Document #12 both refer to "linkers."

- Slide 23 on the Vaughn Index refers to "small molecule libraries," while the corresponding slide at page 70 of Document # 12 refers to a "small molecule library."

Given the similarities between the scientific presentation as described on the Vaughn Index and the corresponding slides in the publicly-available patent application as included in Exhibit B to Plaintiff's Statement of Material Facts Not In Dispute [Document #12], Plaintiff requests that the Court consider in camera review of the scientific presentation to determine whether in fact it is substantially

the same as the slides in the patent application. Alternatively, Plaintiff requests that the Court consider requesting the Navy to conduct this comparison itself and to report to the Court (on an *ex parte* basis if necessary) on the similarity between the two sets of slides.

III. Almost Six Years Is An Unreasonable Time For Purposes Of Filing A Patent Application Under Exemption 3

The Navy argues that two of the slides in the scientific presentation should be withheld under Exemption 3, on the ground that 35 U.S.C. § 205 requires withholding "for a reasonable time in order for a patent application to be filed." The burden is on the Navy to show that almost six years is "a reasonable time" for the filing of a patent application. The Navy has submitted nothing to carry its burden on this point. Surely it is unreasonable for an inventor to take almost six years to submit a patent application using information presented at the Coolfont conference in 2000? Plaintiff submits that the Court should hold that Exemption 3 does not cover the two slides in question.

IV. Conclusion

The Navy's motion for summary judgment should be denied, and Plaintiff's motion for summary judgment should be granted.

June 21, 2006                                        Respecfully submitted,

7

Iver P. Cooper,

by his attorneys,

KING & SPALDING LLP

/s/
_____

James D. Miller
D.C. Bar No. 294371
1700 Pennsylvania Ave. NW
Washington, D.C. 20006
202-737-0500
jmiller@kslaw.com
FAX: 202-626-3737