IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Iver Cooper,

    Plaintiff,

v.                                    Civ. No. 05-2252 (EGS)

U.S. Department of the Navy,

    Defendant.

PLAINTIFF'S REPLY
IN SUPPORT OF HIS MOTION FOR SUMMARY
JUDGMENT

The legal question presented in this Freedom of Information Act case is whether a scientific presentation made to a group of more than 50 independent scientists, none of whom has signed any confidentiality agreement, and where the presentation itself is not marked as confidential, can nonetheless be within FOIA Exemption 4. The answer to this question can only be "no," and therefore Defendant should be directed to release the scientific presentation.

Defendant, in its Opposition to Plaintiff's motion for summary judgment, argues that the scientific presentation is

1

within Exemption 4 because Professor Liu, who made the presentation, claims that he would not "customarily" release the presentation to the public, citing *Critical Mass Energy Project v. NRC*, 975 F. 2d 871 (D.C. Cir. 1992) (en banc). The engineering safety reports at issue in *Critical Mass* were circulated under explicit provisions for confidential treatment and were carefully marked as confidential. The scientific presentation here, in contrast, was given to a wide audience of independent scientists without any confidentiality agreement and without even marking the presentation as confidential.

It is not credible for Defendant and Professor Liu to claim that he would not have "customarily" released his scientific presentation to the public, when the undisputed facts show that he ***did in fact*** release it to a broad audience of independent scientists without taking the even the easiest steps to make it confidential.

This is especially true in light of the statutory burden on Defendant to sustain its action in withholding the scientific presentation. 5 U.S.C. § 552(a)(4)(B) ("[T]he burden is on the agency to sustain its action."); *Consumer Federation of*

*America v. USDA*, No. 05-5360, 2006 WL 1789006 (D.C. Cir. June 30, 2006) (summary judgment in FOIA case may be granted on basis of agency affidavits "if they are not called into question by contradictory evidence in the record") (quoting *Gallant v. NLRB*, 26 F.3d 168, 171 (D.C. Cir. 1994)).

Finally, Defendant's argument in its Opposition that the scientific presentation contains "commercial" information within the meaning of Exemption 4 proves too much. If Defendant's interpretation of the term "commercial" were the law – which it is not – then everything would qualify as "commercial." Even the most abstruse and theoretical scientific information, according to Defendant's theory, would be "commercial," because it might, someday, result in a commercial product sold in the marketplace. In Exemption 4, Congress referred to "financial" and "commercial" information in order to put a boundary around the information within that exemption. Accepting Defendant's interpretation here would be inconsistent with that boundary.

In conclusion, Defendant's motion for summary judgment should be denied, Plaintiff's motion should be

granted, and Defendant should be directed to release the slides at issue.

July 20, 2006                    Respectfully submitted,

IVER COOPER,

by his attorneys,
KING & SPALDING LLP

_____\\s\\_____
James D. Miller
D.C. Bar 294371
1700 Pennsylvania Ave. NW
Washington, D.C. 20006
202-626-2902
FAX: 202-626-2902
jmiller@kslaw.com

4