**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                )
IVER P. COOPER,                 )
                                )
          Plaintiff,            )
                                )
     v.                         )          Civ. No. 05-2252 (EGS)
                                )
U.S. DEPARTMENT OF THE NAVY,    )
                                )
          Defendant.            )
_____)

**MEMORANDUM OPINION**

Plaintiff Iver P. Cooper brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking release of PowerPoint slides that were presented at the Coolfont IV Conference in November 2000.  In response to Cooper's original request, the United States Department of the Navy ("Navy") released four out of thirty slides but withheld the other twenty-six pursuant to FOIA Exemptions 3 and 4.

Pending before the Court are the parties' cross motions for summary judgment.  Upon consideration of the motions, the responses and replies thereto, _in camera_ submissions by the Navy, applicable law, and the entire record, the Court determines that the Navy's withholding under Exemption 4 is justified. Therefore, the Court **grants** the Navy's motion for summary judgment and **denies** Cooper's motion for summary judgment.

I.    **BACKGROUND**

David R. Liu is a Professor of Chemistry at Harvard University and scientific founder of Ensemble Discovery Corporation ("Ensemble").  Professor Liu is also the recipient of a research grant from the Office of Naval Research ("ONR").  Oct. 20, 2004 Liu Aff. ¶ 2.

In November 2000, ONR Program Manager Harold J. Bright organized a by-invitation-only program review ("Coolfont IV Conference" or "Conference") on molecular biometrics at a small conference facility in Coolfont, West Virginia.  Bright Decl. ¶ 6.  There were about 50 conference attendees, including Professor Liu, other ONR grant recipients, a few assistants of the grant recipients, Navy program managers, and a Navy scientist.  *Id*.  Mr. Bright invited Professor Liu to give a presentation at the Coolfont IV Conference on the research Professor Liu had completed to date under his grant.  *Id*. ¶ 8.

On November 11, 2000, Professor Liu presented a thirty-slide PowerPoint presentation to Coolfont IV Conference attendees entitled "Unnatural Molecular Evolution."  Oct. 20, 2004 Liu Aff. ¶ 7.  The presentation slides describe:  (i) the concept of nucleic acid mediated organic syntheses together with its advantages over traditional organic syntheses; (ii) suitable chemical reagents; (iii) reaction schemes and reaction conditions for performing nucleic acid mediated organic syntheses;

2

(iv) results from certain experiments performed in Professor Liu's laboratory; and (v) certain dates, including the date of the Coolfont IV Conference.  Professor Liu and the Navy claim that Professor Liu voluntarily gave this presentation and it was not a requirement of his grant agreement.  Bright Decl. ¶ 9; Oct. 20, 2004 Liu Aff. ¶ 9.  Professor Liu also voluntarily submitted copies of his slides to the Navy after his presentation.  Bright Decl. ¶ 12.

Following the Coolfont IV Conference, Harvard University filed a number of patent applications relating to Professor Liu's research.  Some of the work presented at the Coolfont IV Conference was included in these patent applications.

On May 25, 2004, Cooper submitted a FOIA request to the Navy for the thirty PowerPoint slides presented by Professor Liu at the Coolfont IV Conference.  In addition, Cooper requested a list of Conference participants, a copy of the notice for the Conference, and an application form signed by all Conference participants.  In response, on February 1, 2005, ONR provided Cooper with a copy of slide 1 and a list of participants.[1]  The Navy denied Cooper's request for the remaining slides, claiming the slides were exempt under FOIA Exemption 4.

_____

[1] ONR did not find either a notice of the Conference or an application signed by Conference participants in its records. Coyle Decl. ¶ 5.

On April 1, 2005, Cooper filed an administrative appeal with the General Counsel of the Navy.  The Navy then issued a final administrative adjudication denying Cooper's request for slides 4-29 under FOIA Exemptions 3 and 4.  However, the Navy released slides 2, 3, and 30.

Cooper filed the instant suit on November 18, 2005.  The Navy then moved for summary judgment on May 15, 2006, claiming that its withholding of slides 4-29 was proper under Exemption 4. Additionally, the Navy claimed that Exemption 3 covered slides 21 and 26.  The same day, Cooper filed a cross-motion for summary judgment, arguing that the Navy could not meet its burden of demonstrating that the presentation is covered by Exemptions 3 and 4.

## II.  DISCUSSION

### A.    Standard of Review

Summary judgment should be granted only if the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002).  In determining whether a genuine issue of material fact exists, the Court must view all facts in the light most favorable to the non-moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The

4

non-moving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *see Celotex Corp.*, 477 U.S. at 324.

**B.    Freedom of Information Act**

FOIA requires federal agencies to release all documents requested by members of the public unless the information contained in such documents falls within one of nine exemptions. *See* 5 U.S.C. § 552(a), (b).  These exemptions must be narrowly construed in favor of disclosure.  *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976).  The government bears the burden of justifying the withholding of any requested documents through agency affidavits, an index of withheld documents, or both.  *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991); *Coastal States Gas Corp. v. DOE*, 617 F.2d 854, 861 (D.C. Cir. 1980).  To sustain its burden, an agency may rely on declarations of government officials, which courts normally accord a presumption of expertise in FOIA as long as the declarations are sufficiently clear and detailed and submitted in good faith.  *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).  If the government does not satisfy its burden, the requester is entitled to summary judgment.  *See Friends of Blackwater v. U.S. Dep't of Interior*, 391 F. Supp. 2d 115, 119-22 (D.D.C. 2005) (granting

plaintiff's cross motion for summary judgment where agency had failed to meet its burden under FOIA).

### 1.   Exemption 4

The Navy claims that slides 4-29 are properly withheld under Exemption 4.  Exemption 4 permits an agency to withhold "trade secrets and commercial or financial information [that was] obtained from a person . . . [and is] privileged or confidential."  5 U.S.C. § 552(b)(4).  Cooper disputes both that the information in the slides is a trade secret and disputes that the information is commercial and confidential.[2]

### a.   Commercial Information

The term "commercial" should be given its "ordinary meaning." *Public Citizen Health Research Group v. Food & Drug Admin.*, 704 F.2d 1280, 1290 (D.C. Cir. 1983).  Commercial information is not limited to records that reveal basic commercial operations.  *Id.*  Commercial information also includes information in which an individual has a "commerical interest." *Id.*  The D.C. Circuit has recognized the "possibility that 'an individual . . . engaged in profit-oriented research . . . could conceivably be shown to have a commercial or trade interest in his research design.'" *Id.* (quoting *Washington Research Project,*

---

[2] Cooper does not dispute that the slides were obtained from a person.

*Inc. v. Dep't of Health, Educ. & Welfare, et al.*, 504 F.2d 238, 244 n.6 (D.C. Cir. 1974)).

Cooper asserts that the information in Professor Liu's PowerPoint presentation is scientific, not commercial.  The record demonstrates, however, that Professor Liu has a commercial interest in the information in his slide presentation.  With the support of an ONR grant and Harvard University, Professor Liu was able to file several patent applications based on the research that he presented at the Coolfont IV Conference.  June 29, 2005 Liu Aff. ¶ 2.  Moreover, based on the research presented, he formed a for-profit company, Ensemble, which works in the field of nucleic acid mediated organic analysis.  Oct. 20, 2004 Liu Aff. ¶¶ 11, 13.  Ensemble was formed for the purpose of commercially exploiting Professor Liu's research and has secured an exclusive license for the patents that Harvard obtained on Professor Liu's behalf.  Oct. 20, 2004 Liu Aff. ¶ 13.

The information in the slide presentation is commercially valuable because it is exactly the type of information that a company with a competing patent application at the United States Patent and Trademark Office ("USPTO") would want to have in a patent interference proceeding.  The first person to conceive of an invention <u>and</u> reduce the invention to practice is the first inventor and entitled to a patent for that invention.  *See* 3A-10 Chisum on Patents § 10.03.  Because the USPTO grants patents

based on this first to invent and reduce to practice rule rather than based on the first to file a patent application, the date of conception of an idea and the date of reduction of that idea into practice are critical to obtaining a patent.

When two or more parties claim to have the same patentable invention, the USPTO Board of Patent Appeals and Interferences ("Board") resolves the question of priority of invention in a patent interference proceeding. *See* 35 U.S.C. § 135. In determining priority of invention among two competing alleged inventors, the Board considers "the respective dates of conception and reduction to practice of the invention." 35 U.S.C. § 102(g). As part of the interference process, competing parties must each submit to the Board and serve on the opposing party Priority Statements that state the earliest dates of conception and reduction to practice that the party intends to rely on. *See* 37 C.F.R. § 41.204(a).

The Navy claims that Professor Liu's PowerPoint presentation provides a snapshot of what information he had conceived and reduced to practice as of November 11, 2000. Specifically, Professor Liu indicates that the presentation states what methods, reagents, reaction schemes, and reaction conditions he had reduced to practice at the time of Coolfont IV Conference. *See* Liu Aff. ¶ 5 (June 29, 2005). Professor Liu also claims that Nuevolution, a competitor of Ensemble, has at least one published

patent application that appears to claim the same invention as is claimed in one or more of Professor Liu's applications.  *Id*. Accordingly, the Navy argues that allowing Nuevolution's lawyer to obtain valuable information linking inventions to a particular date would put Professor Liu and Ensemble at a "significant competitive disadvantage relative to Nuevolution."  June 29, 2005 Liu Aff. ¶ 5.

The actions taken by Professor Liu in securing patents and starting a company based at least in part on the information presented at the Coolfont IV Conference demonstrates that Professor Liu has a commercial interest in the information in his presentation.  Moreover, this is exactly the type of information that a competitor would want and is now in fact seeking.  As a result, the Court finds that the information in Professor Liu's slide presentation or, more particularly, the link between the information and the dates in the presentation is commercial information within the meaning of Exemption 4.

### b.    Confidential Information

In order to be withheld under Exemption 4 commercial information also must be confidential.  *See* 5 U.S.C. § 552(b)(4). The test for determining whether information submitted to a federal agency is confidential under Exemption 4 turns on whether the information was voluntarily submitted or required.  In *Critical Mass Energy Project v. NRC*, 975 F.2d 871, 872 (D.C. Cir.

1992) (en banc), the Circuit Court held that Exemption 4 protects "any financial or commercial information provided to the Government on a voluntary basis if it is of a kind that a provider would not customarily release to the public."  By contrast, if information is required to be submitted, Exemption 4 protects as confidential "'any financial or commercial information whose disclosure would be likely either (1) to impair the Government's ability to obtain necessary information in the future; or (2) to cause substantial harm to the competitive position of the person from whom the information was obtained.'"  *Id.* at 878 (quoting *Nat'l Parks & Conservation Ass'n. v. Morton*, 498 F.2d 765, 770 (D.C. Cir. 1974)).

The Navy asserts that the Professor Liu's presentation at the Coolfont IV Conference was not a requirement of his ONR grant and that Professor Liu voluntarily provided a copy of the presentation to ONR.  *See* Def.'s Facts ¶ 7; Bright Decl. ¶¶ 12-13.  Because plaintiff has presented no evidence contradicting this fact and the Court is entitled to rely on a government declaration made in good faith, the Court credits the Navy's assertion that Professor Liu provided information to the Navy on a voluntary basis.  Accordingly, the Court will apply the *Critical Mass* test to determine whether the information is confidential.

        To find that the information is confidential and therefore
properly withheld under Exemption 4, the Court must find that the
information Professor Liu provided during the Coolfont IV
Conference was the kind of information that Professor Liu would
not customarily release to the public.  The record before the
Court indicates that Professor Liu sought and received assurances
both before and during the Coolfont IV Conference that the
Conference would be confidential.  *See* Oct. 20, 2004 Liu Aff.
¶ 5.  The Conference was a by-invitation-only event for ONR
grantees, not a public meeting.  Bright Decl. ¶ 6.  During his
introductory remarks, the conference organizer reminded the
attendees that they were under strict confidentiality rules.
*Id*. ¶ 10.  The conference organizer also posted a statement
indicating that the Conference was confidential on a large flip
chart at the front of the room where Professor Liu gave his
presentation.  *Id*.

        The Court is not persuaded by plaintiff's argument that
Professor Liu's presentation to the Conference attendees somehow
made his presentation public.  Given all of the measures taken to
ensure confidentiality and given that the Court has no reason to
doubt Mr. Bright's description of the Conference in his
declaration, the Court finds that the Conference was in fact a
private event.  Moreover, Professor Liu's actions in seeking
assurances that his presentation would remain confidential

                                   11

coupled with the fact that there is no evidence to suggest that Professor Liu has ever released his entire presentation to the public in any other forum leads the Court to the conclusion that Professor Liu's presentation is, in fact, confidential.

Because the Court finds that the information presented by Professor Liu, including the link between the information and the date it was presented, is confidential, commercial information, the Court finds that the Navy properly withheld the information under Exemption 4.[3]

### III. CONCLUSION

For the foregoing reasons, the Court **grants** the Defendant's Motion for Summary Judgment and **denies** Motion of Plaintiff Iver Cooper for Summary Judgment.  An appropriate Order accompanies this Memorandum Opinion.


**Signed:     Emmet G. Sullivan**
**            United States District Judge**
**            March 30, 2007**

---

[3] The Court need not even reach the Navy's argument that slides 21 and 26 are also protected under FOIA Exemption 3 because Exemption 4 covers slides 4-29.